UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| STEWART D. NOZETTE, Ph.D. ) | |
| ) | |
| and ) | |
| ) | |
| ALLIANCE FOR COMPETITIVE ) | |
| TECHNOLOGY, INC. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No, : 06-MC-00171-JR |
| ) | |
| NATIONAL AERONAUTICS AND ) | |
| SPACE ADMINISTRATION/ ) | |
| OFFICE OF INSPECTOR GENERAL, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT DISCOVERY
AND/OR, IN THE ALTERNATIVE, FOR A LIMITED EVIDENTIARY HEARING**

Pursuant to Fed. R. Civ. P. 7(b) and 81(3), Plaintiffs Stewart D. Nozette, Ph.D. and Alliance for Competitive Technology, Inc. ("ACT"), through undersigned counsel, hereby request leave of the Court to conduct, on an expedited basis, certain specified discovery regarding the bases and motivations for the subject investigation by NASA-OIG of Plaintiffs and/or, in the alternative, for a limited evidentiary hearing to address this issue.  In support of this Motion, Plaintiffs state as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

On March 20, 2006, NASA/OIG served an administrative subpoena *duces tecum* on Bank of America seeking a broad array of financial information from an account held by ACT. Plaintiff Dr. Nozette is an owner of ACT and its President.  On April 13, 2006, Plaintiffs filed a

Motion to Quash Administrative Subpoena *Duces Tecum* and for Protective Order. NASA-OIG filed its Opposition to this motion on May 3, 2006. Plaintiffs are filing, contemporaneously herewith, a memorandum in reply to NASA-OIG's Opposition.

As set forth in Plaintiffs Motion to Quash and Reply Memorandum, there are serious, substantiated concerns regarding the bona fides of the subject investigation and whether the subject subpoena was issued for an improper purpose. *See* Mot. to Quash at 2-3; Reply Memorandum at 5-7. Courts have recognized that a limited evidentiary hearing is required to give an individual summoned by a Federal agency "an opportunity to substantiate the allegation that the purpose of the investigation was to harass... "[1] *Id*. at 825, *citing United States v. McCarthy*, 514 F.2d 368 (3d Cir. 1975); *United States v. Salter*, 432 F.2d 697 (1st Cir. 1970); *United States v. Turner*, 480 F.2d 272 (7th Cir. 1973). In *Lynn v. Biderman, et al.*, 536 F.2d 820, 826 (9th Cir. 1970) the court framed the issue: "Were the allegations of appellants sufficient to raise a doubt regarding the purpose of the [agency] in conducting an investigation to require the court to conduct an evidentiary hearing?" *See also United States v. Teeven*, 745 F. Supp. 220 (D. Del. 1990) (where potential abuse of court's process in enforcing administrative subpoena is sufficiently presented by party opposing enforcement**,** court may grant limited discovery and opportunity for evidentiary hearing). Plaintiffs have certainly raised doubts regarding the true nature and purpose of the subject investigation and, as such, should have an opportunity to probe at an evidentiary hearing certain relevant issues, including 1) the lack of any fraud upon or waste

---

[1] "The requirement that a court conduct a limited evidentiary hearing before enforcing an administrative summons when the motive of the agency has been attacked has been discussed most extensively in cases concerning the Internal Revenue Service. There appears to be no reason why the requirement is not applicable to investigations conducted by other agencies." *Biderman*, 536 F.2d at 825-26, *citing Shasta Minerals & Chemical Co. v. SEC*, 328 F.2d 285, 288 (10th Cir. 1964); *NLRB v. Costello*, 296 F. Supp. 1035, 1037 (D.Conn. 1968).

or loss to NASA occasioned by ACT; 2) the turmoil occasioned within NASA as a consequence of Dr. Nozette's exposure of a convicted felon among its upper ranks; and 3) the causal nexus between that turmoil and the investigation at bar.

The right to conduct discovery in this context, as opposed to having a limited evidentiary hearing, is more circumscribed but nonetheless also justified by the circumstances here. The Federal Rules of Procedure, including its rights to conduct discovery, apply to a proceeding to enforce an administrative summons. See Fed. R. Civ. P. 81(a)(3); *Lynn v. Biderman, et al.*, 536 F.2d 820 (9th Cir. 1970). Moreover, the D.C. Circuit has recognized that discovery is available in subpoena enforcement proceedings "where the circumstances indicate that further information is necessary for the courts to discharge their duty." *United States v. Aero Mayflower Transit Co., Inc.*, 831 F.2d 1142, 1146 (D.C. Cir. 1987). *See also United States v. Markwood*, 48 F.3d 969, 983 (6th Cir. 1995)(recognizing that discovery is available in context of administrative enforcement proceeding where party subject to subpoena has made "preliminary and substantial showing of abuse" of the subpoena process); *Burlington Northern Railroad Co. v. Office of Inspector General, Railroad Retirement Bd.*, 983 F.2d 631, 637 (5th Cir. 1993)(recognizing "limited, measured amount of discovery" in context of administrative subpoena enforcement proceeding).

This Court, in reviewing the subject subpoena, has the duty of determining that the subpoena has not been issued for an improper purpose. *See, e.g., United States v. Powell*, 379 U.S. 48, 51 (1964) (administrative subpoena must not be enforced if subpoena was "issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation."); *In re Subpoena Duces Tecum*, 228 F.3d at 349 (federal administrative subpoena may only be used

for legitimate and authorized governmental purpose); *United States v. Firestone Tire & Rubber Co.*, 455 F. Supp. 1072 (D.D.C. 1978) (same).  *See also Truckers United for Safety v. Mead*, 251 F.3d 183 (D.C. Cir. 2001) (quashing subpoena issued by Inspector General of Department of Transportation as IG acted outside scope of authority in investigating motor carriers' compliance with federal safety regulations); *United States v. Montgomery County Crisis Center*, 676 F. Supp. 98 (D.Md. 1987) (J. Motz) (quashing subpoena issued by Inspector General of Department of Defense as "investigation" was more appropriately related to security matter than to allegations of fraud).  This, we submit, the Court cannot do without further information, gleaned from discovery, regarding the true nature and purpose of NASA-OIG's investigation.

In short, the Court should allow Plaintiffs to engage in limited discovery on an expedited timeline and, at the very minimum, should order a limited evidentiary hearing to address the nature and purpose of NASA's investigation and whether the subject subpoena was properly issued.  Plaintiffs have prepared a short set of interrogatories and a short request for production of documents that can be served forthwith, each limited to the issues specified herein.  Plaintiffs would also propose taking four depositions of NASA officials, limiting each to no more than two hours, and can immediately notice same for a date convenient to the parties.

Ryan P. Fayhee, Esq., one of the counsel for the United States in this matter, does not consent to this Motion.

**WHEREFORE**, Plaintiffs Stewart D. Nozette, Ph.D. and Alliance for Competitive Technology, Inc. respectfully request that the Court grant this Motion and allow Plaintiffs to conduct the discovery specified herein and/or, in the alternative, convene an evidentiary hearing to address the of the subject NASA-OIG investigation and subpoena *duces tecum*.  A proposed Order is attached.

-5-

          Respectfully submitted,

          KIYONAGA & SOLTIS, P.C.

          /s/  Paul Y. Kiyonaga
          _____
          Paul Y. Kiyonaga
          D.C. Bar No. 428-624
          910 Seventeenth St., N.W.
          Suite 800
          Washington, D.C. 20006
          Tel. No. (202) 363-2776
          Fax No. (202) 363-2749

John C. Kiyonaga
D.C. Bar No. 424858
526 King Street
Alexandria, VA 22314
Te. No. (703) 739-0009
Fax No. (703) 549-2988
*Of Counsel to Plaintiffs*

May 15, 2006