UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEWART D. NOZETTE, Ph.D. :
    and :
ALLIANCE FOR COMPETITIVE :
TECHNOLOGY, INC., :
     :
    Petitioners, :
     :
  v. : Misc. Action No. 06-0171 (JR)
     :
NATIONAL AERONAUTICS AND SPACE :
ADMINISTRATION OFFICE OF :
INSPECTOR GENERAL, :
     :
    Respondent. :

**ORDER**

    Stewart D. Nozette and Alliance for Competitive Technology, Inc., seek an order quashing a subpoena *duces tecum* issued by the National Aeronautics and Space Administration-Office of Inspector General and served on the Bank of America. The subpoena, issued under authority granted by the Inspector General Act of 1978, 5 U.S.C. App. 3, requires the production of ACT's bank records for the period January 1, 2000 to January 31, 2006. Petitioners assert that the subpoena is overly broad, that it seeks confidential information, and that it is not being used for a proper purpose. NASA-OIG opposes the motion to quash, arguing that petitioners lack standing to challenge the subpoena and that the subpoena is a valid and legitimate exercise of NASA-OIG's authority.

NASA is certainly correct that neither Dr. Nozette nor ACT itself has any rights under the Right to Financial Privacy Act, 12 U.S.C. § 3401, because the application of that statute is limited to natural persons or partnerships of five or fewer persons, 12 U.S.C. § 401(4), ACT is a corporation, and the subpoena does not seek personal records of Dr. Nozette but only financial records of the corporation. Petitioners indeed concede this point, Mem. at 6 n.2. To say that petitioners have no rights under the RFPA, however, is not to say that they lack standing to challenge an administrative subpoena on other grounds.

The motion challenges the breadth of the subpoena. The apparent premise of NASA's investigation is that it was improperly and perhaps fraudulently charged for salary and employment benefits payable under an agreement with ACT, and that such salary and employment benefit expenses may not actually have been incurred by ACT. ACT's contract with NASA covered only the period March 2004 to March 2006, however, and the subpoena seeks bank records for more than four years of ACT's financial records that predate the start of the contract. NASA's explanation for the reach of its subpoena is that "ACT has entered into virtually identical IPA agreements with other government agencies for the past six years, and the records during the entire time period are relevant to show, among other things, a past pattern or

practice." Inspectors general have broad authority to investigate fraud, waste and abuse, and investigative subpoenas are "by their very nature . . . broad," <u>United States v. Firestone Tire & Rubber Co.</u>, 455 F. Supp. 1072, 1083 (D.D.C. 1978). The declaration of Anthony J. Pavlik [2-3] makes it clear that NASA-OIG is investigating allegations that ACT submitted false claims to NASA and the Department of Defense. Pavlik has already compared ACT's invoices to the Naval Research Laboratory with information provided by Michael Abrams, an employee of ACT and is pursuing information that ACT requested reimbursement from the NRL for more than $50,000 in fringe benefits and salary that it never provided to Abrams during the period of the NRL contract, which was between 2000 and 2002. Evidence that ACT submitted improper claims to other federal agencies would certainly be within the purview of OIG's investigation.

      Petitioner's other two arguments, that the subpoena improperly seeks confidential information, and that it is not being used for proper purpose because "there is no question of any fraud," are without merit and rejected.

      The motion to quash and for protective order [1] is **denied**.

                                          JAMES ROBERTSON
                              United States District Judge